380 A.2d 414

## COMMONWEALTH of Pennsylvania

v.

## Gregory CARTER, Appellant.

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Dec. 2, 1977.

Joseph J. Daley, Jr., Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys, and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

CERCONE, Judge:

Appellant was convicted, after a non-jury trial, of robbery, conspiracy, and various weapons offenses. Post-trial motions were timely filed and denied, and he was sentenced to four to ten years in a State Correctional Institution. This appeal followed.

■ Appellant contends that the court improperly compelled testimony from a Commonwealth witness. The incident to which he refers was summarized as follows in the court's opinion denying the post-trial motions:

"Mr. Furri initially indicated to the Court that he did not wish to testify. He had apparently made the same statement to the Calendar Judge, who so advised this Court. This Court advised Mr. Furri that he had a legal obligation to testify, as long as the Fifth Amendment privilege was not involved, and that if he did not testify, he would be held in contempt. Only in this sense was the testimony of Mr. Furri coerced."

As the court correctly explained the law to Mr. Furri and did nothing which could have affected the *content* of his testimony, we see nothing improper about the action it took. We find no merit in this contention.

■ Appellant's only other argument is that the evidence was insufficient to support the conviction. As the court said in *Commonwealth v. Carbonetto*, 455 Pa. 93, 95, 314 A.2d 304, 305 (1974):

"[T]he test of sufficiency of the evidence is whether, accepting as true all the evidence, together with all reasonable inferences therefrom, upon which the [factfinder] could properly have based its verdict, such evidence and inferences are sufficient in law to prove guilt beyond a reasonable doubt." [Citation omitted.]

The Commonwealth presented testimony to show the following:

A Philadelphia taproom known as Herb's Bar was robbed on July 14, 1975. Three men, two of whom had guns, came in together. A "holdup" was announced and the people present were ordered to lie on the floor. Money was taken from the bar, from the owner, and from a patron. A religious medal was also taken from the patron. In the meantime the police arrived and one officer went to the top of the basement stairs, announced who he was and told whoever was downstairs to come up. When he received no response, one of the bar's employees, Clarence Payne volunteered to try to persuade the person downstairs to come up. The person, later identified as appellant, ultimately came up and handed Mr. Payne a brown paper bag. Mr. Payne gave

the officer the bag. The officer frisked appellant, found no weapon, and asked him where his gun was. Appellant said that he had left it on a table by the steps. The officer found it there. The bag was found to contain $169.10, the tip of a pool cue, and a religious medal identified as that taken from the patron.

As this evidence is indisputably sufficient to establish appellant's participation in the robbery, the judgment of sentence is affirmed.

PRICE, J., concurs in the result.