380 A.2d 415

**COMMONWEALTH of Pennsylvania**

v.

**Robert F. HANKINS, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 13, 1976.

Decided Dec. 2, 1977.

138

Alvin J. Bello, Philadelphia, for appellant.

Steven H. Goldblatt and Deborah E. Glass, Assistant District Attorneys and F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT, and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from a judgment of sentence of the Court of Common Pleas of Philadelphia County, Criminal Trial Division. Appellant was found guilty, in a non-jury trial, of robbery, conspiracy, and various weapons charges.

Appellant's first contention, that the court improperly compelled testimony from a Commonwealth witness, was

also raised by his co-defendant in *Commonwealth v. Carter,* 251 Pa.Super. 134, 380 A.2d 414 (1977), and is disposed of in that opinion.

 Appellant's second contention is that the evidence is insufficient to support the conviction.

The test of sufficiency is whether, accepting as true all the Commonwealth's evidence plus its reasonable inferences, and viewing it in the light most favorable to the Commonwealth, such evidence and inferences, in combination, are sufficient in law to establish each element of the crimes charged beyond a reasonable doubt. *Commonwealth v. Waters,* 463 Pa. 465, 345 A.2d 613 (1975).

The Commonwealth's evidence established the following: On July 14, 1975, Herb's Bar, a Philadelphia taproom, was robbed. Three men, two of whom had guns, entered together. An unidentified voice announced a "holdup" and commanded that everyone inside lie on the floor. Money and valuables were removed from the bar and one of its patrons. Police arrived and attempted to open the front door, which was pushed closed again each time they got it partly open. They observed that those inside the bar were lying on the floor. One officer went to a rear door, where he observed appellant "peeping out." A few seconds later, appellant came out of the bar with his hands up. The officers asked him where the others were, and he informed them that the "other two" were inside the bar.

We think that the evidence here was sufficient to prove appellant's participation in the robbery. The fact that appellant was free to maintain a lookout position, the manner of his exit, and his reference to the "other two," convinces us that the Commonwealth met its burden of proof beyond a reasonable doubt.

Judgment of sentence affirmed.

PRICE, J., concurs in the result.