J-A18022-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LARRY LEE REDMOND :
:
Appellant : No. 1476 WDA 2019

Appeal from the Judgment of Sentence Entered September 6, 2019
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s): CP-65-CR-0003618-2016

BEFORE: BENDER, P.J.E., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY DUBOW, J.:                    **FILED AUGUST 20, 2020**

Appellant, Larry Lee Redmond, appeals from the Judgment of Sentence

of eight to twenty years of incarceration, imposed on September 6, 2019, after

a jury convicted him of Involuntary Deviate Sexual Intercourse, two counts of

Aggravated Indecent Assault, and related crimes.[1] In this appeal, Appellant

purports to challenge the sufficiency and weight of the evidence and further

asserts the trial court abused its discretion in denying several pre- and post-

trial motions. After careful review, we affirm.

We adopt the following statement of facts from the trial court's Opinion,

which is supported by the record:

---

[1] *See* 18 Pa.C.S. §§ 3123(a)(7), 3125(a)(8). In addition, the jury convicted
Appellant of Endangering the Welfare of Children, Corruption of Minors, and
Indecent Assault. *See* 18 Pa.C.S. §§ 4304(a)(1), 6301(a)(1)(ii), 3126(a)(8).

On two occasions in the early months of 2015, Appellant sexually abused the victim. During the first incident, which occurred just after the victim's thirteenth birthday, Appellant performed oral sex on the victim. In addition, Appellant touched and digitally penetrated her vagina. On the second occasion, Appellant again touched and digitally penetrated the victim's vagina. Subsequently, an expert who examined the victim found evidence of vaginal penetration. *See* Trial Ct. Op., 11/19/19, at 4-5. The Commonwealth charged Appellant in March 2016 with the above crimes.

Prior to trial, the Commonwealth filed a Motion to Amend the Criminal Information, seeking leave to amend the dates on which the alleged abuse occurred. The trial court granted the Commonwealth's Motion and granted Appellant a continuance to investigate the amended allegations. Trial Ct. Order, 3/12/18.

Based upon the amended allegations, Appellant filed a Motion for Remand, asserting that he was entitled to a new preliminary hearing. In addition, Appellant filed a Petition for Writ of *Habeas Corpus*, asserting that absent a new preliminary hearing, the Commonwealth had not established a *prima facie* case against him. The trial court denied both filings. *See* Trial Ct. Order, 3/15/18; Trial Ct. Order, 4/4/18. Appellant commenced an interlocutory appeal challenging these pretrial rulings, but this Court quashed the appeal as untimely filed. *See Commonwealth v. Redmond*, 765 WDA 2018 (Pa. Super. filed April 15, 2019).

- 2 -

Trial commenced in June 2019, at which the victim testified, and the jury convicted Appellant of all counts. Following trial but just prior to sentencing, Appellant filed a Motion for New Trial, asserting after-discovered evidence. The trial court denied the Motion, imposed sentence as set forth above, and advised Appellant of his obligation to register as a Tier III sexual offender.[2] Appellant did not file a post-sentence motion.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) Statement, as well as an Amended Statement clarifying the issues Appellant intended to pursue on appeal. The trial court issued a responsive Opinion.

Appellant raises the following issues on appeal:

1. [Whether] the verdicts of guilty of all charges above [were] not supported by sufficient evidence, specifically that the testimony of the alleged minor victim was unsupported by corroborating evidence[;]

2. Alternatively, [whether] the verdict [was] against the weight of the evidence presented[; and]

3. [Whether] [the trial] court err[ed] in denying all of Appellant's pre-trial Motions and his post-trial Motion for a new trial based on newly discovered evidence without holding a hearing on the merits of said Motions[.]

Appellant's Br. at 7 (unnecessary capitalization and suggested answers omitted).

In his first issue, Appellant purports to challenge the sufficiency of the Commonwealth's evidence. *See* Appellant's Br. at 11-13. Because Appellant failed to preserve this issue properly, it is waived.

---

[2] *See* 42 Pa.C.S. § 9799.14.

It is well-settled that to preserve a challenge to the sufficiency of the evidence in a criminal case, the appellant must specify in his Pa.R.A.P. 1925(b) statement how the Commonwealth's evidence did not establish his alleged crimes. **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008). To do so, an appellant's statement must delineate "the element or elements upon which the evidence was insufficient." **Commonwealth v. Carr**, 227 A.3d 11, 18 (Pa. Super. 2020) (citation omitted); **see also Commonwealth v. Tyack**, 128 A.3d 254 (Pa. Super. 2015). "Such specificity is of particular importance in cases where . . . the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009) (citation omitted).

Waiver applies whether or not the trial court addressed the issue in its responsive opinion. **Commonwealth v. Roche**, 153 A.3d 1063, 1072 (Pa. Super. 2017); **Gibbs**, 981 A.2d at 281. The presence of a trial court opinion is "of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim." **Williams**, 959 A.2d at 1257 (citation omitted).

In this case, Appellant failed to delineate the specific elements of any crime for which he deems the evidence insufficient. Rather, Appellant broadly stated that the evidence was insufficient to support guilty verdicts of "all charges" against him. Pa.R.A.P. 1925(b) Statement, 10/17/19; Amended

- 4 -

Statement, 11/8/19. Appellant's failure is egregious because the jury convicted him of six distinct charges, each with numerous elements that the Commonwealth must prove beyond a reasonable doubt. Thus, even though the trial court issued an Opinion addressing Appellant's claim, we conclude that Appellant has waived this issue.[3]

In his second issue, Appellant purports to challenge the weight of the evidence. *See* Appellant's Br. at 13-16. However, because Appellant did not preserve this issue before the trial court, it is waived.

Pennsylvania Rule of Criminal Procedure 607 provides that "[a] claim that the verdict is against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607(a).

---

[3] Notwithstanding Appellant's waiver, Appellant's claim is devoid of merit. According to Appellant, the Commonwealth's evidence is insufficient because the only evidence of his criminal acts "came from the testimony and statements of the . . . victim." Appellant's Br. at 10. Appellant's assertion does not accurately reflect the law in this Commonwealth, where it is well-established that testimony from the victim alone is sufficient to convict a defendant. *See Commonwealth v. Trimble*, 615 A.2d 48, 50 (Pa. Super. 1992) ("[T]he uncorroborated testimony of the victim, if believed by the trier of fact, is sufficient to support a conviction[.]") (citation omitted). Further, our review of the record reveals that additional evidence corroborated the victim's testimony. Dr. Karen Morris, an expert in the field of child sexual abuse, testified that her findings from a physical examination of the victim were "suspicious" and "consistent with digital penetration." N.T. Trial, 6/3-5/19, at 188, 190. Thus, even if we did not deem Appellant's issue waived, we would conclude that no relief is due.

An appellant must raise a weight claim first before the trial court because "appellate review of a weight claim is a review of [the trial court's] exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." **Commonwealth v. Burkett**, 830 A.2d 1034, 1037 (Pa. Super. 2003) (citation omitted). "An appellant's failure to avail himself of any of the prescribed methods for presenting a weight of the evidence issue to the trial court constitutes waiver of that claim." **Commonwealth v. Weir**, 201 A.3d 163, 167 (Pa. Super. 2018) (citation omitted); Pa.R.Crim.P. 607 cmt.

On appeal, Appellant argues that inconsistencies in the victim's testimony undermine the Commonwealth's evidence; thus, the jury's verdict was shocking, and Appellant deserves a new trial. **See** Appellant's Br. at 13-16. Our review of the record indicates that Appellant did not preserve this claim before the trial court.[4] Thus, we deem his challenge to the weight of the evidence waived.

In his third issue, Appellant contends the trial court abused its discretion in denying his Motion for New Trial based on after-discovered evidence.

---

[4] At the close of the Commonwealth's case, Appellant moved for Judgment of Acquittal, but the trial court denied the Motion. N.T. Trial at 253-255. A motion for judgment of acquittal challenges the sufficiency, not the weight of the evidence. **See Commonwealth v. Stahl**, 175 A.3d 301, 303 (Pa. Super. 2017). Further, Appellant's post-trial Motion for New Trial did not challenge the weight of the evidence introduced at his trial. **See** N.T. Sentencing, 9/6/19, at 5. Appellant did not file a post-sentence motion.

Appellant's Br. at 16.[5] According to Appellant, following his trial, he discovered evidence that the victim admitted fabricating her allegations against Appellant in a video conversation with a relative. *See id.*; N.T. Sentencing at 5-7. No relief is due.[6]

We review the trial court's decision whether to grant a new trial based on after-discovered evidence for an abuse of discretion or an error of law that controlled the outcome of the case. *Commonwealth v. Griffin*, 137 A.3d 605, 608 (Pa. Super. 2016). "If a trial court erred in its application of the law, an appellate court will correct the error." *Id.* (citation omitted).

An appellant is entitled to a new trial based on after-discovered evidence if the appellant demonstrates by a preponderance of the evidence that the after-discovered evidence (1) could not have been obtained prior to trial by exercising reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach a witness's credibility; **and** (4) would

---

[5] This Motion does not appear in the certified record. However, the parties argued the Motion before the trial court just prior to sentencing, and the court denied the Motion. *See* N.T. Sentencing, 9/6/19, at 4-8. After sentencing, Appellant filed a Motion to Reconsider Defendant's Motion for New Trial, which the trial court also denied. Trial Ct. Order, 9/16/19. Thus, we will review Appellant's claim.

[6] In his Amended Pa.R.A.P. 1925(b) Statement, as well as in his Statement of Questions Involved, Appellant also preserved claims regarding the trial court's denial of several pre-trial Motions filed by Appellant. Appellant does not present an argument in support of these claims. *See* Appellant's Br. at 16-17. Thus, we deem them waived. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007); *In re R.D.*, 44 A.3d 657, 674 (Pa. Super. 2012); *Commonwealth v. B.D.G.*, 959 A.2d 362, 371-72 (Pa. Super. 2008); Pa.R.A.P. 2119(a)-(e).

likely result in a different verdict. ***Commonwealth v. Castro***, 93 A.3d 818, 821 n.7 (Pa. 2014) (citation omitted). "The proposed new evidence must be 'producible and admissible.'" ***Griffin***, 137 A.3d at 608 (citation omitted). Failure to establish any one element is fatal to an appellant's claim. ***Commonwealth v. Pagan***, 950 A.2d 270, 293 (Pa. 2008).

In denying Appellant's Motion for New Trial, the trial court reasoned as follows:

> First, it is unclear whether the evidence could have been obtained prior to trial by exercising reasonable diligence . . . [because] the alleged incident between [the victim] and her relative allegedly occurred prior to [t]rial in February [2019.] . . . Also, although the alleged evidence is not merely corroborative or cumulative, it would solely be used to impeach [the victim's] credibility. . . . [Appellant] . . . has also failed to show that the evidence would likely result in a different verdict. It was up to the jury to determine [the victim's] credibility and whether or not to believe the evidence. Furthermore, [Appellant] failed to demonstrate that the evidence was producible and admissible. [Appellant's] Motion solely rested on an allegation that a video chat took place in which the minor [v]ictim stated that she had lied. This [c]ourt opined that a further hearing on this issue was not necessary since it heard argument from both parties on the issue during [Appellant's] sentencing and upon consideration of the above-mentioned facts.

Trial Ct. Op. at 16 (internal citations to the record omitted).

We discern no abuse of discretion in the trial court's reasoning. Further, as set forth above, the test for after-discovered evidence is conjunctive; that is, an appellant must establish each element of the test to be eligible for a new trial. Appellant conceded during argument before the trial court that he intended to rely on this new evidence "solely to impeach the credibility of [the

victim]." N.T. Sentencing at 7. Thus, we conclude that Appellant cannot establish that he is entitled to relief on this claim.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/20/2020