2017 PA Super 360

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CODY MARK ALAN STAHL, | |
| Appellant | No. 203 WDA 2017 |

Appeal from the Order Entered January 11, 2017
In the Court of Common Pleas of Cambria County
Criminal Division at No(s): CP-11-CR-0001772-2015

BEFORE:  BENDER, P.J.E., OLSON, J., and STABILE, J.

OPINION BY BENDER, P.J.E.:          **FILED  NOVEMBER 14, 2017**

Appellant, Cody Mark Alan Stahl, appeals from trial court's order denying his motion for judgment of acquittal following the court's declaration of a mistrial after Appellant's trial for rape and related offenses. After careful review, we affirm.

Briefly, the instant matter arises from events which occurred on a Saturday night in October of 2014. The alleged victim was drinking at various bars in Windber, PA, and eventually was driven home by Appellant and Robert Kachur ("Kachur"). The three then engaged in sexual intercourse together, which the Commonwealth and the victim maintain was nonconsensual because the victim was either unconscious or unaware to an extent that rendered her incapable of providing her consent. Appellant maintains that the victim was conscious throughout the encounter and,

therefore, she was not only capable of providing her consent, but that she actually initiated the three-way sexual encounter. After initially being charged as a co-defendant in this matter, Kachur ultimately entered a plea deal with the Commonwealth and, in exchange, testified for the Commonwealth at Appellant's trial. Nevertheless, Kachur's testimony largely supported Appellant's version of events, both with respect to the victim's initiation of the sexual encounter, and her capacity to consent throughout.

The Commonwealth charged Appellant with rape, 18 Pa.C.S. § 3121(a)(3) (unconscious or unaware victim); involuntary deviate sexual intercourse, 18 Pa.C.S. § 3123(a)(3) (unconscious or unaware victim); aggravated indecent assault, 18 Pa.C.S. § 3125(a)(4) (unconscious or unaware victim); and indecent assault, 18 Pa.C.S. § 3126(a)(1) (lack of consent).[1] Appellant was tried for these offenses on December 5-7, 2016. After determining that the jury was hopelessly deadlocked, the trial court declared a mistrial. Subsequently, on December 16, 2016, Appellant timely filed a motion for judgment of acquittal which, if successful, would have prevented the Commonwealth from pursuing a retrial. Following a hearing held on January 9, 2017, the trial court denied the motion, *see* Opinion and

_____

[1] Several other charges initially filed in the original criminal information on December 2, 2015, were ultimately dropped when the Commonwealth filed an amended criminal information on October 5, 2016.

Order ("TCO"), 1/11/17, at 4, leading Appellant to file the instant, timely, interlocutory appeal pursuant to Pa.R.A.P. 311(a)(6).

Appellant filed a timely, court-ordered Pa.R.A.P. 1925(b) statement on February 27, 2017. On March 1, 2017, the trial court issued a statement in lieu of a Rule 1925(a) opinion, indicating that the court would rely on the reasoning set forth in its January 11, 2017 Opinion and Order denying Appellant's motion. Appellant now presents the following question for our review:

> Whether the Commonwealth's evidence was insufficient as a matter of law to meet its burden of proving the element of unconsciousness or unawareness beyond a reasonable doubt, where one of the Commonwealth's principal witnesses, a participant in the three-way sexual encounter at issue, testified that the complainant was conscious and aware throughout the incident, and, moreover, that the complainant instigated the sexual activity[?]

Appellant's Brief at 7.

Instantly, Appellant claims that the evidence was insufficient because the Commonwealth's own witness, Kachur, directly contradicted the victim's testimony that she had been unconscious or otherwise incapacitated to a degree that rendered her incapable of consenting to the three-way sexual encounter she had with Appellant and Kachur. The victim's purported lack of consent is a critical element of all of the charges for which Appellant was tried. If the Commonwealth failed to offer sufficient evidence of the victim's incapacity to consent, the trial court should have granted Appellant's motion for judgment of acquittal.

Before we address the merits of Appellant's claim, we must first consider whether our standard of review for sufficiency claims is affected by the procedural circumstances before us. Appellant filed a motion for judgment of acquittal following the trial court's declaration of a mistrial due to a deadlocked jury, pursuant to Pa.R.Crim.P. 608 (A)(2) ("A written motion for judgment of acquittal shall be filed within 10 days after the jury has been discharged without agreeing upon a verdict."). Appellant's motion challenged the sufficiency of the Commonwealth's evidence. **See** Pa.R.Crim.P. 606(A)(3) (stating that a "defendant may challenge the sufficiency of the evidence to sustain a conviction" in "a motion for judgment of acquittal filed within 10 days after the jury has been discharged without agreeing upon a verdict"). Under Pa.R.A.P. 311(a)(6), the order denying Appellant's motion for judgment of acquittal was appealable by right. Pa.R.A.P. 311(a)(6) ("An appeal may be taken as of right…" from "an order in a criminal proceeding awarding a new trial where the defendant claims that the proper disposition of the matter would be an absolute discharge[.]"). If successful, Appellant's motion would have prevented the Commonwealth from seeking a new trial.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." **Commonwealth v. Emanuel**, 86 A.3d 892, 894 (Pa. Super. 2014). Therefore, in usual circumstances, we apply the following standard

of review to sufficiency claims which arise in the context of a motion for judgment of acquittal:

> A claim challenging the sufficiency of the evidence is a question of law.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt.  Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law*.  **When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.***

***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted) (emphasis added).

Appellant emphasizes that the Commonwealth was not the "verdict-winner" in this case given that the jury was deadlocked, resulting in a mistrial.  Appellant's Brief at 13.  As such, Appellant asserts that while reviewing the sufficiency of the evidence at issue, this Court may not view that evidence in a 'light most favorable' to the Commonwealth, or give the prosecution 'the benefit of all reasonable inferences,' when the ostensible predicate for those presumptions – that the Commonwealth was the verdict winner – is not applicable in this case.  ***Id.***  Consequently, Appellant contends that we may not consider only the victim's testimony, but must view the *entirety* of the Commonwealth's evidence "though a clear lens[.]" ***Id.*** at 16.  From this starting point, Appellant argues that the evidence of his guilt is at best equivocal, because of the conflicting testimony provided

by Kachur. The Commonwealth counters that Appellant is merely presenting a weight-of-the-evidence claim disguised as a sufficiency-of-the-evidence claim.

We are not convinced by Appellant's arguments that the sufficiency standard is watered-down in such a manner simply because of the procedural posture of this case. First, Appellant has not presented any case law which adopts his arguments either explicitly or implicitly. This fact alone gives us great pause. At a minimum, Appellant's claim is completely novel, and not grounded in any established legal principles.

Second, we do not find that the dissonance between past recitations of the sufficiency standard, such as was set forth in **Widmer, supra**, and the procedural uniqueness of this case (the absence of a "verdict-winner"), are as significant as Appellant contends. Generally, in the vast majority of circumstances, this Court reviews sufficiency claims in the context of a criminal conviction; hence, when the Commonwealth is the "verdict-winner." This much is obvious, and conceded by Appellant. Appellant's Brief at 15. Accordingly, the language of our case law defining the sufficiency standard has understandably developed to address the ubiquitous procedural scenario of a defendant's appeal from a criminal conviction. Consequently, the term "verdict-winner" has little significance beyond being a contextual synonym for the terms 'government,' 'Commonwealth,' or 'prosecution.' Indeed, there are no circumstances in which a sufficiency claim arises where a defendant was the "verdict-winner," as the Commonwealth has no right to

appeal from acquittals. ***Commonwealth v. Arnold***, 258 A.2d 885, 886 (Pa. Super. 1969) ("If the order of the lower court [could] be considered an acquittal, then the Commonwealth has no right to appeal.").

Third, we find persuasive the standard followed by the 5th Circuit Court of Appeals, which has been adopted in both North Dakota and the District of Columbia:

> Whether the sufficiency of the evidence is questioned on motion for judgment of acquittal made at the close of the Government's case, at the close of all the evidence, or after the return of a guilty verdict, the test is the same: viewing the case in the light most favorable to the Government, could a reasonably-minded jury . . . accept the relevant evidence as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt.

***U.S. v. Austin***, 585 F.2d 1271, 1273 (5th Cir. 1978) (quotation marks, citation, and footnote omitted); ***see also State v. Lambert***, 539 N.W.2d 288, 289 n.2 (N.D. 1995); ***U.S. v. Hubbard***, 429 A.2d 1334, 1338 (D.C. App. 1981).

In two of those scenarios, there is no jury verdict and, therefore, no "verdict-winner." This supports our theory that the term "verdict-winner" is merely a synonym for the government/prosecution and has only found its way into our criminal sufficiency standard by historical accident or, perhaps, through careless borrowing of terminology from civil law. Nevertheless, our courts have also routinely recited the sufficiency standard without the use of the term "verdict-winner." ***See Commonwealth v. Duncan***, 373 A.2d 1051, 1053 (Pa. 1977) ("The test to be applied in ruling on either a

demurrer or a claim that the evidence is insufficient to support a conviction is whether accepting as true the prosecution's evidence and all reasonable inferences therefrom, it is sufficient to support a finding by the jury that the defendant is guilty beyond a reasonable doubt."); *Commonwealth v. Hankins*, 380 A.2d 415, 416 (Pa. Super. 1977) ("The test of sufficiency is whether, accepting as true all the Commonwealth's evidence plus its reasonable inferences, and viewing it in the light most favorable to the Commonwealth, such evidence and inferences, in combination, are sufficient in law to establish each element of the crimes charged beyond a reasonable doubt."). In sum, we reject Appellant's contention that the sufficiency standard changes when a criminal trial results in a hung or deadlocked jury. The standard is not dependent on a jury's decision, or lack thereof.

Turning to the evidence in this case, we find that it was clearly sufficient to support a guilty verdict. Appellant conceded that he engaged in sexual intercourse with the victim, and that she was intoxicated at the time. Appellant's Brief at 22. Thus, the Commonwealth had the burden of proving that the victim was "unconscious or … unaware that the sexual intercourse is occurring[.]" 18 Pa.C.S. § 3121(a)(3); *see also* 18 Pa.C.S. § 3125(a)(4) (requiring a showing that the victim was "unconscious or … unaware that the penetration is occurring"). Such a showing would also suffice to demonstrate lack of consent for purposes of Section 3126(a)(1).

The victim testified that on the evening in question, she had become intoxicated to such an extent that she was denied entry into the Geistown

Country Club. N.T., 12/5/16, at 55. Soon thereafter, she recalled "vomiting profusely" into a bag, while a passenger in a car with Appellant and Kachur. *Id.* at 56. She believed they intended to take her home. *Id.* She could not recall anything else before waking up in bed, in pain, while Appellant was having anal sex with her, and, at the same time, Kachur was attempting to entice her to perform oral sex on him. *Id.* at 57. She made a brief attempt to stop the anal sex, but passed out again when Appellant began having vaginal sex with her. *Id.* at 59. She did not wake up again until the next morning. *Id.* at 60. This evidence, if believed, was sufficient to demonstrate that the victim was either unconscious or unaware while she was being sexually assaulted by Appellant and Kachur. Her testimony was clear that she did not recall being conscious when the sexual encounter began, and she specifically remembered waking up, briefly, during the encounter, only to pass out again. To the extent that Kachur's testimony for the Commonwealth contradicted the victim's account regarding her awareness or consciousness during the encounter, that fact is immaterial, as any such credibility conflict would go to the weight, not the sufficiency of the evidence. *See Commonwealth v. Gaskins*, 692 A.2d 224, 227 (Pa. Super. 1997) ("[C]redibility determinations are made by the fact finder and that challenges thereto go to the weight, and not the sufficiency, of the evidence."). Accordingly, we conclude that the trial court did not err when it denied Appellant's post-verdict motion for judgment of acquittal on sufficiency grounds.

Order **_affirmed_**.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  11/14/2017