J-S48027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE:  J.S., A JUVENILE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF:  J.S., A JUVENILE | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 3544 EDA 2017 |

Appeal from the Dispositional Order June 5, 2017
In the Court of Common Pleas of Northampton County Criminal Division
at No(s):  CP-48-JV-0000055-2017


BEFORE:   DUBOW, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED AUGUST 30, 2018**

J.S. (Appellant) appeals from the dispositional order of the Juvenile

Court entered after it adjudicated him delinquent of indecent assault for

having "indecent contact with the complainant . . . without the complainant's

consent."[1]  We affirm.

The Juvenile Court provided the following summary of the facts adduced

at the hearing:

> [O]n January 25, 2017, [Appellant] and three juvenile females
> (M.V., [the complainant], and I.C.) were together in the basement
> of juvenile, M.V.'s, home.  N.T., 4/10/17 at 8-9, 11.  The juvenile
> females began drinking vodka.  Id. at 12, 64-65, 184-85.
> [Appellant] was not drinking.  Id. at 65.  [Appellant], M.V., and
> [the complainant] kissed each other.  Id. at 14, 31, 69-70, 86,
> 185-86, 188.  Thereafter, [the complainant] laid down.  Id. at 71.
> M.V. testified that [the complainant] was not moving, speaking,
> and her eyes were closed.  Id.  M.V. observed [Appellant] pull [the

---

[1] 18 Pa.C.S.A. § 3126(a)(1).

---

* Retired Senior Judge assigned to the Superior Court.

complainant's] pants down and have sexual intercourse with her. Id. at 71-72. M.V. filmed the interaction and the video was played for the Court. Id. at 73. M.V. also testified that she heard [the complainant] say "stop, [Appellant], that hurts." Id. at 81. M.V. testified that after the sexual contact between [Appellant] and [the complainant], [the complainant] was not awake or conscious. Id. at 104. Immediately following her observation, M.V. characterized [Appellant's] action as rape. Id. at 133, 143. The following day, [the complainant] did not have any recollection of having intercourse with [Appellant]. Id. at 17-19, 56. [The complainant] learned about the video of the incident, and she and her mother reported it to the police. Id. at 20-22, 167.

Juvenile Court Opinion, 2/6/18, at 2-3.

After being contacted by the complainant and her mother, the police filed a delinquency petition. Thereafter:

On April 10, 2017, after a full contested hearing, [the Juvenile Court] adjudicated [Appellant] delinquent on the charge of Indecent Assault as a misdemeanor of the second degree. On June 5, 2017, a dispositional hearing was held . . . at which time [Appellant] was placed on probation and also placed with Safeguards Specialized Foster Care. On June 15, 2017, Appellant's counsel filed a Post-Dispositional Motion in this matter. However, the Motion was never forwarded to [the Juvenile Court], and the Court was unaware of the filing until September 18, 2017. Thereafter, on September 19, 2017, [the Juvenile Court] filed an Order denying the Motion by operation of law, pursuant to Pa.R.J.C.P. 620(D)(1). The instant appeal followed.

Juvenile Court Opinion, 2/6/18, at 1. The Juvenile Court and Appellant have complied with Pa.R.A.P. 1925. On appeal, Appellant presents the following two issues:

1. Whether the evidence was sufficient to support a finding on the offense of Indecent Assault under § 3126(a)(1) in that the evidence did not establish lack of consent?

2. Whether the lower court erred in considering the offense of Indecent Assault under § 3126(a)(1) as such offense

was not included among the original charges in violation of due process?

Appellant's Brief at 5.

Appellant's issues are related. We begin our analysis with Appellant's second issue, in which he claims that he was improperly adjudicated of indecent assault under § 3126(a)(**1**) because "such offense was not included among the original charges in violation of due process," and "not included in the written allegation or in the later amended Petition." Appellant's Brief at 10. Pertinently, the statute reads:

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:
>
> (1) the person does so **without the complainant's consent** …

18 Pa.C.S.A. § 3126(a) (emphasis added).

Appellant claims he was prepared to defend only against the charge of § 3126(a)(**4**), where "**the complainant is unconscious** or the person knows that the complainant is unaware that the indecent contact is occurring." (Emphasis added). Appellant asserts that he "prepared his defense based upon the charges set forth in the Petition," and "successfully defended on the charges for which he was put on notice," *i.e.*, the "alleged **unconscious state of the complainant**." Appellant's Brief at 10, 16-17 (emphasis added). He emphasizes that the complainant indicated that she did not remember what happened, and the Commonwealth did not present any evidence that the

complainant "affirmatively withheld consent." *Id.* at 16-17. In making this argument, Appellant references "an element of surprise prejudicial to efforts to prepare a defense," and contends that his due process rights were violated. *Id.* at 15.

Preliminarily, we note that our review of the record does not support Appellant's contention that he "successfully defended against the charges for which he was put on notice." The Juvenile Court, as the fact-finder, expressly determined that the complainant "was not fully conscious/not in a condition to consent to the sexual contact." Juvenile Court Opinion, 2/6/18, at 3.

Also, while Appellant was originally charged with, *inter alia*, indecent assault under Section 3126(a)(4), which relates to a victim who is unconscious or unaware of indecent contact occurring, and the Juvenile Court adjudicated Appellant delinquent of Section 3126(a)(1), relating to indecent contact without the victim's consent, as noted by the Commonwealth, "[t]here was no variance between the information contained in the written allegation and the evidence presented at the contested hearing." *Id.* at 8. The Commonwealth counters that Appellant was "fairly put on notice of the evidence to be presented against him." *Id.* at 3. We agree.

This Court recently examined evidence of indecent assault where the victim was intoxicated and the appellant was charged with, *inter alia*, sexual assault under both subsections (1) (lack of consent) and (4) (unconscious). ***Commonwealth v. Stahl***, 175 A.3d 301 (Pa. Super. 2017). We stated:

Turning to the evidence in this case, we find that it was clearly sufficient to support a guilty verdict. Appellant conceded that he engaged in sexual intercourse with the victim, and that she was intoxicated at the time. Thus, the Commonwealth had the burden of proving that the victim was "unconscious or ... unaware that the sexual intercourse is occurring[.]" 18 Pa.C.S. § 3121(a)(3); *see also* 18 Pa.C.S. § 3125(a)(4) (requiring a showing that the victim was "unconscious or ... unaware that the penetration is occurring"). **Such a showing would also suffice to demonstrate lack of consent for purposes of Section 3126(a)(1)**.

*Stahl*, 175 A.3d at 305 (emphasis added).

Consistent with the evidence of record and *Stahl*, the Juvenile Court adjudicated Appellant of indecent assault under 3126(a)(1), stating that it had "viewed the video of the incident, and determined that [the complainant] was not fully conscious/not in a condition to consent to the sexual contact." Juvenile Court Opinion, 2/6/18, at 3. Here, as with *Stahl*, the same evidence of sexual contact and the victim's intoxication sufficed "to demonstrate a lack of consent for purposes of Section 3126(a)(1)," and belies Appellant's argument that he was deprived of due process because he "lacked adequate notice" from which to prepare his defense. Finally, we agree with the Commonwealth that Section 3126(a)(1), as a second-degree misdemeanor, is a lesser included offense of Section 3126(a)(4), which is a first-degree misdemeanor. *See* 18 Pa.C.S.A. § 3126(b)(1),(2); *see also* Commonwealth Brief at 14-15.

Likewise, we are not persuaded by Appellant's second issue assailing the sufficiency of the evidence. Appellant claims that the evidence "did not

- 5 -

establish a lack of consent." Appellant's Brief at 10. In evaluating a challenge

to the sufficiency of the evidence supporting an adjudication of delinquency,

our standard of review is as follows:

> When a juvenile is charged with an act that would constitute a crime if committed by an adult, the Commonwealth must establish the elements of the crime by proof beyond a reasonable doubt. When considering a challenge to the sufficiency of the evidence following an adjudication of delinquency, we must review the entire record and view the evidence in the light most favorable to the Commonwealth.
>
> In determining whether the Commonwealth presented sufficient evidence to meet its burden of proof, the test to be applied is whether, viewing the evidence in the light most favorable to the Commonwealth, and drawing all reasonable inferences therefrom, there is sufficient evidence to find every element of the crime charged.

*In re A.V.,* 48 A.3d 1251, 1252–53 (Pa. Super. 2012). It is well-settled that

the trier of fact – in this case the Juvenile Court – assesses the credibility of

the witnesses and weighs the evidence, and is free to believe all, part or none

of the evidence. *Commonwealth v. Britton*, 134 A.3d 83, 86 (Pa. Super.

2016) (citation omitted).

Instantly, Appellant asserts that "[t]his was an episode of drunken

consensual behavior by among immature teenagers [and only] became a

sexual assault when an ashamed complainant and vengeful girlfriend turned

it into a sexual assault." Appellant's Brief at 11. The Juvenile Court concluded

otherwise, and that conclusion is supported by the record.

The juveniles involved in the incident testified at the hearing. The

complainant testified that she had little memory of the incident, stating, "I

- 6 -

just remember saying no, [Appellant], stop it. That's all I remember." N.T., 4/10/17, at 14. It was not until the next day that the complainant learned about the incident and that M.V. had videotaped it. The complainant opined that Appellant "knew that I couldn't take care of myself. . . . I thought he would take care of me and make sure I was alright, but I guess that wasn't on his mind at the time." *Id.* At 56.

M.V. testified that the four juveniles were drinking vodka in her basement when one of females, I.C., passed out. She testified that the three others kissed, and that eventually, when the complainant laid down, Appellant "pulled [the complainant's] pants down, and he like raped her from there." *Id.* at 72. M.V. testified to filming the incident, and the video was played at the hearing. *Id.* at 72-73. M.V. also testified that the complainant said, "stop, [Appellant], that hurts." *Id.* at 81.

Conversely, Appellant testified that the sexual contact with the complainant was consensual. In describing the encounter, Appellant stated, "First we make out . . . and then . . . she says like somewhere along the line she says like that I'm worth it. And then she tells me to put it in." *Id.* at 198-99. Immediately thereafter, the Juvenile Court expressed its disbelief, stating: "I sincerely doubt that." *Id.* at 199. The Juvenile Court subsequently explained:

> Appellant's argument, that there was no "explicit lack of consent," is without merit. M.V., the eyewitness, immediately characterized [Appellant's] action as rape. The Court viewed the video of the incident, and determined that [the complainant] was not fully

conscious/not in a condition to consent to the sexual contact. Similarly, Appellant's argument that the victim's inability to remember what occurred should result in a dismissal must also fail. To the contrary, that the victim was so intoxicated that she had to be told that [Appellant] had intercourse with her, is further indication that she did not consent. The Court's adjudication on the Indecent Assault charge, and not the other, more serious offenses, was a recognition that all of the parties engaged in poor behavior. Nonetheless, it was also clear to the Court that [Appellant], who was not intoxicated, took advantage of [the complainant's] condition.

Juvenile Court Opinion, 2/6/18, at 3. Consistent with the foregoing – including the Juvenile Court's observation of the video of the incident – the evidence was sufficient for the Juvenile Court to adjudicate Appellant of indecent assault pursuant to Section 3126(a)(1).

For the above reasons, we affirm the adjudication of delinquency and dispositional order of the Juvenile Court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/30/18