**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CLARENCE LEE GUNTER, III | : | |
| | : | |
| Appellant | : | No. 1492 WDA 2022 |

Appeal from the Judgment of Sentence Entered June 21, 2022
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008509-2021

BEFORE:  DUBOW, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED: MAY 8, 2024**

Clarence Gunter ("Gunter") appeals from the judgment of sentence following his conviction of carrying firearms without a license, and possession of marijuana.[1]  We affirm.

On August 22, 2021, officers from the Monroeville Police Department, Pennsylvania Attorney General's Office ("A.G."), and the Bureau of Alcohol, Tobacco, and Firearms ("ATF") conducted an undercover investigation at the Monroeville gun show to detect straw purchases of firearms.  ***See*** N.T., 5/5/22, at 18-19, 49.  Monroeville Officer Matthew White ("Officer White") saw Gunter give money to Marquise Murray ("Murray"), who purchased a pistol police later found in Murray's car.  ***See id***. at 19-21, 36.  Gunter and

---

[1] ***See*** 18 Pa.C.S.A. § 6106(a)(1), 35 P.S. § 780-113(a)(31).

Murray left the gun show and entered Gunter's car. *See id*. at 22. The men drove around very briefly before returning to the parking lot, where Murray got into his own vehicle. *See id*.

Gunter committed multiple traffic violations in the process of leaving the parking lot. *See id*. at 50-51. Officer Pierre DeFelice stopped Gunter's car. He approached the car within one to one-and-one half minutes of the stop and asked for Gunter's license, registration, and insurance, *see id*. at 51-52, 71, documents Gunter said were in his trunk. *See id*. at 52. He told the police he had a weapon under his seat, and A.G. Special Agent Andy Toth ("Agent Toth") recovered from under the seat a 9 mm weapon, later determined to be operable, and two fully-loaded magazines. *See id*. at 14, 24, 33, 56, 59.[2] Gunter was nineteen years old. *See id*. at 67.

Gunter told the police he and Murray were friends, and he had borrowed money from Murray the day before to buy a Polymer P80 kit at the gun show. *See id*. at 30-31. Gunter said that he used the kit to assemble a working 9 mm firearm the night before. *See id*. at 31, 44-45.[3]

Concerning the gun, Gunter testified he attempted to buy an AR-15 rifle at the gun show the day before but someone told him he "could go and get

---

[2] The trial evidence included a video of Special Agent Toth recovering the firearm and magazines from under Gunter's car seat. *See* N.T., 5/5/22, at 55-59.

[3] The kit did not become a firearm until Gunter assembled it. *See* N.T., 5/5/22, at 44.

[the 9 mm gun] for a little cheaper and they won't say nothing to you." ***See id***. at 68. He admitted knowing he could not buy a fully-constructed pistol or lawfully carry a firearm, but claimed he was "tricked." ***See id***. at 69, 71. Gunter testified he was going to a gun range when police stopped him and the gun was unloaded. ***See id***. at 66-67.

The trial court adjourned the trial on May 5, 2022, to allow the parties to brief the issues of whether as a person under twenty-one Gunter could assert the target practice affirmative defense stated in 18 Pa.C.S.A. § 6106(b)(4),[4] and whether the gun was susceptible of being unloaded quickly. ***See id***., at 85-88.[5]

In June 2022, the court heard argument about whether a person under twenty-one could lawfully invoke section 6106(b)(4) as an affirmative defense. ***See*** N.T., 6/21/22, at 2-6. The court determined it did not need to resolve the question because Gunter had failed to offer credible testimony to establish by a preponderance of the evidence he was traveling to a target range and the gun was unloaded when the police stopped him. ***See id***. at 7-

---

[4] Pursuant to 18 Pa.C.S.A. § 6106(b)(4), 18 Pa.C.S.A § 6106(a)(1) does not apply to "[a]ny persons engaged in target shooting with a firearm, if such persons are at or are going to or from their places of assembly or target practice and if, while going to or from their places of assembly or target practice, the firearm is not loaded."

[5] The Commonwealth presented evidence that would have permitted the inference the gun was loaded when Agent Toth recovered it or that Gunter unloaded it in the time between the stop and the approach of police. ***See*** N.T., 5/5/22, 33-35, 38, 40, 55-57, 59-60.

8. The court convicted Gunter of the above-listed charges and imposed an aggregate sentence of two years of probation. Gunter filed a notice of appeal, and he and the trial court complied with Pa.R.A.P. 1925.

On appeal, Gunter presents the following issue for our review:

> Whether [Gunter's] conviction for firearms not to be carried without a license can be sustained where the testimony established, by a preponderance of the evidence, that he was going to target practice and that the firearm was not loaded, thereby making him exempt from obtaining a license pursuant to 18 Pa.C.S.A. § 6106(b)(4), and the Commonwealth failed to disprove this exception beyond a reasonable doubt?

Gunter's Brief at 4 (unnecessary capitalization omitted).

This Court reviews the sufficiency of the evidence under the following standard:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt . . .. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

***Commonwealth v. Stahl***, 175 A.3d 301, 303-04 (Pa. Super. 2017) (added emphasis removed). In reviewing a sufficiency claim, this Court has also acknowledged that:

> we may not weigh the evidence and substitute our judgment for the fact-[]finder . . .. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated[,] and all evidence actually received must be considered. Finally, the finder of fact while passing upon the credibility of witnesses

and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Burton*, 234 A.3d 824, 829 (Pa. Super. 2020) (citation omitted). *See Commonwealth v. Fitzpatrick*, 181 A.3d 368, 374 (Pa. Super. 2018) (stating all evidence is considered in conducting sufficiency review).

A defendant bears the burden to prove an affirmative defense by a preponderance of the evidence. *See Commonwealth v. Mouzon*, 53 A.3d 738, 743 (Pa. 2012). If he can do so, the Commonwealth bears the burden to disprove the defense beyond a reasonable doubt. *See id*.

A person is guilty of the crime of firearms not to be carried without a license, in relevant part, when he carries a firearm in any vehicle or concealed about his person without a valid and lawfully issued license. *See* 18 Pa.C.S.A. § 6106(a)(1). The statute exempts from liability people engaged in target shooting with a firearm, if they are going to or from their places of assembly or target practice and if in transport the firearm is not loaded. *See* 18 Pa.C.S.A. § 6106(b)(4) ("the target practice affirmative defense").

Gunter claims his testimony proved the target practice affirmative defense by a preponderance of the evidence. He notes the Commonwealth did not cross-examine him about his testimony that he was going to a gun range. *See* Gunter's Brief at 18-20. He also asserts he established by a preponderance of the evidence the gun was unloaded because no witness testified it had been loaded when recovered. *See id*. at 21-23. Finally, he

- 5 -

claims this Court can reject the trial court's factual finding his testimony lacked credibility. *See id*. at 24-26.

The trial court found Gunter's testimony not credible or supported by the evidence, and specifically cited the facts Gunter possessed the gun *before* he went to the gun show and possessed the gun when he briefly drove around with Murray until the police stopped him. *See* Trial Court Opinion, 5/25/23, at unnumbered 3. The court also stated that it viewed the footage of the recovery of the gun and found it had been loaded when recovered. *See id*.

We find no legal error in the trial court's ruling. The evidence established the elements of the crime: Gunter possessed a firearm in a vehicle and did not have a valid and lawfully issued license. *See* 18 Pa.C.S.A. § 6106(a)(1); N.T., 5/5/22, at 56, 59, 71. Further, the record supports the trial court's finding the evidence did not establish the target practice affirmative defense. The evidence showed Gunter assembled the gun the day before the police stop, took it to the gun show, drove around with Murray, and had the firearm when he was stopped by police. Plainly, Gunter did not proceed from his place of assembly to target practice, as the affirmative defense requires. *See* 18 Pa.C.S.A. § 6106(b)(4). Moreover, the trial court found Gunter's

testimony unworthy of belief, and this Court is not free to reject the trial court's credibility finding. **See Commonwealth v. Burton**, 234 A.3d at 829.[6]

Gunter's failure to prove he was in transit to the target range defeats his attempt to invoke the affirmative defense, which has two required elements. His claim therefore fails.[7]

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

FILED: <u>5/8/2024</u>

---

[6] Gunter asserts there are instances when an appellate court is not required to defer to a trial court's credibility findings. **See** Gunter's Brief at 26 (citing cases). Gunter's cases are inapposite. **Anderson v. City of Bessemer City, N.C.**, 470 U.S. 564, 575 (1985), involves the interpretation of a federal rule of civil procedure as well federal law permitting a reversal as "clear error" of findings partially based on credibility. This is a Pennsylvania criminal case not encompassed by the federal rules. Gunter's other case, **Commonwealth v. Rudolf**, 262 A.3d 574, 578 (Pa. Super. 2021), expressly acknowledges this Court "may not weigh the evidence and substitute our judgment for the fact-finder." Further, **Rudolf** also states any doubts regarding a defendant's guilt are for the fact-finder "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances," **see id**. The language Gunter cites does not demonstrate an entitlement to relief where Gunter's own testimony established he did not proceed from his place of assembly to a shooting range.

[7] Even were we to consider Gunter's assertion the gun was unloaded, the second element of the affirmative defense, we would not find error in the court's finding the gun was loaded, based upon its review of the body camera showing Special Agent Toth's recovery of the gun. **See** Trial Court Opinion, 5/25/23, at unnumbered 3.

- 7 -