J-S23034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NAFIS SCOTT | : | |
| | : | |
| Appellant | : | No. 2400 EDA 2024 |

Appeal from the Judgment of Sentence Entered December 16, 2022
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0004193-2022

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                **FILED JULY 18, 2025**

Nafis Scott ("Scott") appeals from his judgment of sentence following his conviction of two counts of persons not to possess firearms.[1]  We affirm.

Pennsylvania State Parole Agent Humphrey Jones ("Agent Jones") supervised Scott's state parole for convictions of persons not to possess firearms and related offenses, and regularly visited Scott's home.  In February 2022, for reasons not clear from the record, Agent Jones received a text from Scott that he was selling ounces of drugs and then found an Instagram post of Scott sitting at his kitchen counter with a gun and an extended magazine of ammunition.  Agent Jones obtained a warrant to search Scott's home, resulting in the discovery of a loaded Smith and Wesson SD40 and a loaded Glock 9mm above a cabinet in the kitchen of the house Scott shared with Pennsylvania Correction Officer Cinnamon Woods ("Officer Woods").

_____

[1] **See** 18 Pa.C.S.A. § 6105.

On appeal, Scott raises the following issue for our review:

1.     Whether the evidence put forth at trial was sufficient to demonstrate that [Scott] possessed a firearm and thus sustain his conviction for 18 Pa.C.S.A. § 6105[?]

*See* Scott's Brief at 5.

This Court reviews the sufficiency of the evidence under the following standard:

A claim challenging the sufficiency of the evidence is a question of law.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. . ..

*Commonwealth v. Stahl*, 175 A.3d 301, 303-04 (Pa. Super. 2017).

A person commits the offense of persons not to possess firearms where he possesses a firearm having been convicted of a disqualifying offense, including persons not to possess firearms.  *See* 18 Pa.C.S.A. § 6105(a)(1), (b).

Instantly, the trial court has written a thorough and well-reasoned opinion explaining its denial of relief.  *See* Trial Court Opinion, 10/15/24, at 4-10.  The trial court: (1) found sufficient evidence proved Scott's residence in the house; (2) noted Scott had a prior disqualifying conviction; (3) reviewed the law governing constructive possession and joint constructive possession; and (4) concluded the evidence amply established Scott's constructive possession of a firearm.

Because the record supports the trial court's factual findings and legal conclusions, we adopt its October 15, 2024, opinion and affirm the judgment of sentence.

Judgment affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/18/2025