J-S23037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JACOB MICHAEL FOX | : | |
| | : | |
| Appellant | : | No. 3145 EDA 2024 |

Appeal from the Order Entered September 23, 2024
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0002202-2023

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.: **FILED JULY 18, 2025**

Jacob Michael Fox ("Fox") appeals from the judgment of sentence following his conviction of aggravated assault.[1] We affirm.

The trial evidence established that in September 2023, Fox's wife, Tabitha M. ("Tabitha"), was working as a bartender in Stroudsburg. After Fox, her husband, sat in the bar for a long period of time, Barry Lynch, the bar owner, asked him to leave. Fox responded, "I'm here to protect my "f-in' wife." *See* N.T., 7/10/24, at 41. When he ultimately left the bar, Fox stood immediately outside staring at Tabitha; when Lynch told him he was still on the bar's property, Fox moved just enough to be over the property line. *See id*. at 42. Tabitha became emotionally upset, and Lynch called the police. *See id*. Police arrived and confronted Fox, who left the area. *See id*. at 43.

_____

[1] *See* 18 Pa.C.S.A. § 2702(a)(1). Fox does not appeal his convictions of simple assault and harassment arising from the same incident.

Tabitha testified that Fox was in and out of the bar multiple times during her work shift and called her a "whore" because she would not leave during the middle of her shift. *Id*. at 53. When the bar closed at 2:00 a.m., Fox confronted Tabitha and her co-workers and attempted to hit one of them with his scooter. *See id*. at 54-55. A female co-worker accompanied Tabitha to the hotel where she and Fox were living. When Tabitha entered the room, Fox got out of his bed, called her a "whore," and accused her of having sexual relations with co-workers. *Id*. at 56-57. Tabitha gathered her belongings and attempted to leave, but Fox pushed her and continued to insult her. *See id*. at 57-58. He pushed her to the ground and repeatedly punched her in the head. *See id*. at 58-59. Fox prevented Tabitha from leaving the room, drove his knee into her back, continued punching her, and choked her until she could not breathe and became dizzy. *See id*. at 59-60. When Tabitha began coughing up blood and vomited, Fox went into the bathroom and Tabitha was able to escape to a gas station from which a woman called the police, who arrived and found Tabitha bruised, with a black and blue mark forming on her nose. *See id*. at 49, 59, 62, 64, 75-76, 83. The officers took Tabitha to a hospital, where she remained for about seven hours. *See id*. at 64, 78-79. Officers also detained Fox. *See id*. at 87.

At trial, Fox testified Tabitha pushed him around when she returned to the hotel room; he denied blocking her from leaving, choking her, or punching her in the head. *See id*. at 91-94. He also claimed Tabitha had been

physically violent with him previously. *See id*. at 95. He testified he had been in the bar that day "to make sure . . . she was being reliable," because she had previously been unfaithful. *Id*. at 96-97. He testified he had "supervised" Tabitha at other previous jobs, and had gone through her phone earlier that day. *Id*. at 97-99.

After hearing the evidence, a jury convicted Fox of aggravated assault, simple assault, and harassment. *See id*. at 169-70.[2] In September 2024, the trial court sentenced Fox for this crime, and another assault he committed against Tabitha, to a cumulative term of five to ten years of imprisonment, and two years of consecutive probation. Fox filed a post-sentence motion, which the court denied. He filed a timely notice of appeal and he and the trial court complied with Pa.R.A.P. 1925.

On appeal, Fox raises three related issues for our review:

1. Whether it was error for the court not to grant [Fox's] motion for judgment of acquittal to the charge of aggravated assault where there was insufficient evidence of the element of serious bodily injury where the only evidence of injury was general redness?

2. Whether it was error for the court not to grant [Fox's] motion for judgment of acquittal where there was insufficient evidence to convict [Fox] of aggravated assault where there was no evidence that "bodily injury that would create a substantial risk of death that would cause serious, permanent disfigurement or protracted loss of or impairment of the function or any bodily member or organ?"

_____

[2] The jury acquitted Fox of strangulation and false imprisonment.

3.    Whether it was error for the court not to grant [Fox's] motion for judgment of acquittal where there was insufficient evidence to convict [Fox] of aggravated assault where the Commonwealth failed to show any substantial step taken that it was [Fox's] conscious object or purpose to cause life-threatening injury?

*See* Fox's Brief at 6 (capitalization standardized).[3]

Fox's three issues implicate the denial of his motion for a judgment of acquittal of aggravated assault.

"A motion for judgment of acquittal challenges the sufficiency of the evidence to sustain a conviction on a particular charge, and is granted only in cases in which the Commonwealth has failed to carry its burden regarding that charge." ***Commonwealth v. Stahl***, 175 A.3d 301, 303 (Pa. Super. 2017) (citation omitted).  Accordingly, this Court applies the following standard of review to sufficiency claims arising in the context of a motion for judgment of acquittal:

> A claim challenging the sufficiency of the evidence is a question of law.  Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. . . .  When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Id*. at 303-04, quoting ***Commonwealth v. Widmer***, 175 A.3d 301, 303-04 (Pa. 2000) (emphasis omitted).

---

[3] Fox identifies two other issues that he has withdrawn on appeal.  *See* Fox's Brief at 7.

- 4 -

A person is guilty of aggravated assault, *inter alia*, if he attempts to cause serious bodily injury to another. **See** 18 Pa.C.S.A. § 2702(a)(1). Serious bodily injury is that which creates a substantial risk of death or which causes "serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." **See** 18 Pa.C.S.A. § 2301. A person commits attempt when, with the intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime. **See** 18 Pa.C.S.A. § 901(a). To sustain a conviction for aggravated assault, "the Commonwealth need not show that serious bodily injury actually occurred, but only that the defendant **attempted** to cause serious bodily injury to another person." **See Commonwealth v. Rosario**, 307 A.3d 759, 765 (Pa. Super. 2023) (emphasis added). **See also Commonwealth v. Elrod**, 572 A.2d 1229, 1231 (Pa. Super. 1990) (holding that acts of choking combined with other forms of physical assault are sufficient to prove aggravated assault); **Commonwealth v. Russell**, 460 A.2d 316, 320 (Pa. Super. 1983) (same). Because intent is a subjective mental state not easily susceptible to direct proof, the intent to cause serious bodily injury may be inferred from the circumstances attendant to the attack. **See Commonwealth v. Martuscelli**, 54 A.3d 940, 948 (Pa. Super. 2012).

In a combined argument, Fox asserts there was no evidence that Tabitha suffered serious bodily injury and the evidence did not prove his intent to inflict serious bodily injury. **See** Fox's Brief at 18-27. After discussing

*Commonwealth v. Alexander*, 383 A.2d 887 (Pa. 1978), Fox argues he was not larger than Tabitha, was not restrained from continuing his attack, and did not use a weapon; he also discounts the significance of his repeated punches to Tabitha's head. *See id*. at 21-25. He then asserts the degree of the injury inflicted is evidence of the intent to inflict serious bodily injury. *See id*. at 25-26, citing *Commonwealth v. Burton*, 2 A.3d 598 (Pa. Super. 2010). Fox concludes by asserting there is no evidence his choking of the victim produced lasting injury. *See id*. at 27-28.

The trial court noted that a fact-finder assessing the existence of an attempt to cause serious bodily injury assesses, *inter alia*, the size and strength of the assailant and his victim, whether a weapon was involved, and the assailant's statements, before, during, or after the attack. *See* Trial Court Opinion, 1/27/25, at 6-7. It concluded Fox's actions of calling Tabitha, his pregnant wife, a "whore," attempting to hit one of her co-workers with a scooter, yelling at Tabitha and accusing her of infidelity, trapping her in their hotel room and punching her repeatedly in the head and pinning her to the ground, and choking her until she felt dizzy sufficiently evidenced his attempt to cause her serious bodily injury. *See id*. at 7-10. The court noted that whether Fox actually inflicted serious bodily injury was irrelevant because the jury was instructed it could only convict Fox if he **attempted** to cause serious bodily injury. *See id*. at 10; N.T., 7/10/24, at 144-47.

The trial court correctly denied Fox's motion for judgment of acquittal because sufficient evidence supported his conviction for aggravated assault arising from the *attempt* to cause serious bodily injury, the theory on which the court charged the jury. Because Fox's conviction resulted from a charge that he attempted to inflict serious bodily injury, not that he actually inflicted it, Fox's two sufficiency arguments challenging the alleged failure to prove the infliction of serious bodily injury are irrelevant. The trial court also correctly concluded the facts and circumstances sufficiently proved Fox's attempt to inflict serious bodily injury. Evidence that Fox attempted to hit Tabitha's co-worker with a scooter, punched his pregnant wife repeatedly in the head, and choked her until she felt dizzy demonstrated Fox's specific intent to cause Tabitha serious bodily injury. *See* 18 Pa.C.S.A. § 901(a); *Rosario*, 307 A.3d at 765; *Martuscelli*, 54 A.3d at 948; *Elrod*, 572 A.2d at 1231; *Russell*, 416 A.2d at 320. Fox's claim is thus without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/18/2025

- 7 -