J-S30026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT DANIEL CLAUDIO | : | |
| | : | |
| Appellant | : | No. 2003 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 1, 2024
In the Court of Common Pleas of Northampton County Criminal Division
at No(s): CP-48-CR-0003071-2023

BEFORE: OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 11, 2025**

Robert Daniel Claudio (Appellant) appeals from the judgment of sentence entered following his conviction by a jury of obstructing justice and resisting arrest; and by the trial court of criminal mischief, restriction on alcoholic beverages, and dogs running at large.[1] We affirm.

Relevant to this appeal, on September 16, 2023, at 10:50 p.m., Palmer Township Police Patrol Officer Michelle Pagan (Officer Pagan) observed a "brown-in-color pit bull running by itself[,]" in a local Midas parking lot. N.T., 4/30/24, at 30-31. Officer Pagan also observed a brown van parked in the

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 5101, 5204, 3304(a)(5); 75 Pa.C.S.A. § 3809(a); Palmer Township Local Ordinance 67.

parking lot, with its rear passenger door open. *Id.* at 31. Officer Pagan radioed for assistance.

Palmer Township Police Officer Todd Lohman (Officer Lohman) and his partner arrived at the scene. *Id.* at 88. According to Officer Lohman, he was informed that Officer Pagan could not awaken Appellant, who was asleep inside the brown van. *Id.* When Officer Lohman approached the vehicle, he observed Appellant awake and speaking with another officer. *Id.* at 89. According to Officer Lohman, Appellant was "very defiant, very reluctant." *Id.* at 90. Officer Lohman testified that after seeing an empty alcoholic beverage container inside of the van, the officers requested that Appellant exit the vehicle. *Id.* at 90, 96. Appellant refused. *See id.* at 101. According to Officer Lohman, it took approximately six officers to forcibly remove Appellant from the vehicle. *Id.* Officer Lohman indicated that one officer suffered a head wound during the scuffle. *Id.* at 102. The Commonwealth subsequently charged Appellant with, *inter alia*, the above-listed offenses.

Appellant, appearing *pro se*, proceeded to a jury trial. The jury ultimately convicted Appellant of the above-described criminal charges; the trial court convicted Appellant of the above-described summary offenses. On May 7, 2024, Appellant filed a *pro se* pre-sentence motion to set aside the verdict, which challenged the sufficiency of the evidence supporting his convictions. Motion to Set Aside Verdict, 5/7/24. The trial court conducted a hearing on Appellant's motion on July 1, 2024, immediately preceding

Appellant's sentencing hearing, after which the court denied Appellant's motion. N.T., 7/1/24, at 8-12.

The trial court proceeded with the sentencing hearing. With the benefit of a pre-sentence investigation report (PSI), the trial court sentenced Appellant to a jail term of time served (9½ months) to 23 months minus two days for his conviction of obstruction. The trial court imposed a consecutive 12-month term of probation for Appellant's conviction of resisting arrest. The trial court imposed no further penalties for Appellant's remaining convictions. Appellant filed no post-sentence motions.

Appellant timely filed a *pro se* notice of appeal. The trial court subsequently appointed counsel for Appellant, who filed a court-ordered Pa.R.A.P. 1925(b) concise statement on Appellant's behalf and represents Appellant in this appeal.

Appellant presents the following issues for our review:

1. Whether the trial court erroneously denied Appellant's motion to dismiss for lack of sufficiency of the evidence?

2. Whether the [trial] court erred in denying Appellant's *pro se* petition to set aside the verdict?[2]

3. Whether the trial court erred in imposing sentence?

Appellant's Brief at 3 (footnote added; capitalization modified).

---

[2] Our review discloses Appellant filed only one post-verdict motion. That motion challenged the sufficiency of the evidence underlying Appellant's convictions. Motion to Set Aside Verdict, 5/7/24.

Appellant first argues that the evidence was insufficient to sustain the verdicts. *Id.* at 6. Appellant claims that the officer's body-camera video of his arrest, shown to the jury at trial, shows "he was sleeping in his vehicle. There was no evidence that [] Appellant was a danger or a threat to the public." *Id.* In support, Appellant presents the following argument, in total:

> The police acted in such a way as to exacerbate the circumstances related to the arrest by showing unnecessary force.
>
> In the arrest[,] this force initiated your Appellant to react to protect himself. Therefore, the relevant evidence was not adequate and sufficient to support the conclusion that Appellant was guilty beyond a reasonable doubt.
>
> *Commonwealth v. Stahl*, 175 A.3d 301, 304-05 (Pa. Super. 2017) ….

Appellant's Brief at 6-7 (citation in original). Appellant provides no citations to the record or discussion of applicable legal authorities to support his claim.

Upon review, we conclude that Appellant failed to preserve this issue in his Pa.R.A.P. 1925(b) concise statement. In his concise statement, Appellant presented the following allegations of error:

> 1. Whether the court erroneously denied [Appellant's] motion to dismiss for lack of sufficiency of the evidence?
>
> 2. Whether the court erred in denying [Appellant's] *pro se* motion to set aside the verdict?
>
> 3. Whether the court erred in imposing sentence?

Concise Statement, 10/12/24 (capitalization modified).

This Court has explained that, "[i]n order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement

- 4 -

must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013).

Instantly, Appellant's concise statement is woefully deficient. Appellant failed to identify the convictions he challenges or the elements purportedly not established by the Commonwealth. ***See id***. For this reason, we conclude Appellant waived his first issue. ***See id.***

Even if Appellant had preserved his sufficiency challenge in his concise statement, we would conclude our review is precluded due to his deficient appellate brief.

When reviewing a challenge to the sufficiency of the evidence,

> an appellate court should determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, was sufficient to allow the fact finder to conclude that the Commonwealth established the challenged criminal element of the offense beyond a reasonable doubt.

***Commonwealth v. Stevenson***, 283 A.3d 196, 205 n.3 (Pa. 2023). "[T]he Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence[.]" ***Commonwealth v. Yandamuri***, 159 A.3d 503, 514 (Pa. 2017) (citation omitted). Further, "[t]his Court may not substitute its judgment for that of the factfinder. If the record contains support for the verdict, it may not be disturbed." ***Commonwealth v. McFarland***, 278 A.3d 369, 381 (Pa. Super. 2022) (quotation omitted).

Pennsylvania Rule of Appellate Procedure 2119 governs the content of the argument section of an appellate brief, and provides, in relevant part, as follows:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part--in distinctive type or in type distinctively displayed--the particular point treated therein, **followed by such discussion and citation of authorities as are deemed pertinent**.
>
> ….
>
> **(c) Reference to record.** If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (**see** Pa.R.A.P. 2132).
>
> **(d) Synopsis of evidence. When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.**

Pa.R.A.P. 2119(a), (c)-(d) (emphasis added).

The argument section of Appellant's brief fails to identify the crime/statutory section(s) at issue, and the elements of the crimes purportedly unproven by the Commonwealth. **See** Appellant's Brief at 6-7. Appellant fails to include any citations to the record to support his argument.[3] We decline to create an argument for Appellant, or scour the record for

---

[3] As stated above, Appellant's deficient Pa.R.A.P. 1925(b) concise statement provides no assistance in ascertaining Appellant's argument.

support for Appellant's argument. For this reason as well, we conclude Appellant's challenge to the sufficiency of the evidence is waived.

In his second issue, Appellant challenges the verdicts as against the weight of the evidence. Appellant's Brief at 7. Appellant's argument, in total, is comprised of the following paragraphs:

> It is appropriate for the trial court to determine if the evidence presented at trial was sufficient to support the verdict. **Commonwealth v. Martin**, 101 A.3d 706 (Pa. 2019).

> Here, the record is not clear with regard to what facts support the jury verdict. Therefore the verdict should be set aside. **See also Commonwealth v. Talbert**, 129 A.3d 536 (Pa. Super. 2015).

> And [the verdict] was so contrary to the evidence as to shock one's sense of justice. **Commonwealth v. Morales**, 91 A.2d Pa. 2014).

> Here, the verdict should be set aside and a new trial ordered.

Appellant's Brief at 7 (capitalization and citation format modified).

> Initially, we observe that

> [a] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; **Commonwealth v. Priest**, 18 A.3d 1235, 1239 (Pa. Super. 2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. **Commonwealth v. Sherwood**[], … 982 A.2d 483, 494 (Pa. 2009).

**Commonwealth v. Thompson**, 93 A.3d 478, 490 (Pa. Super. 2014) (quoting **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa. Super. 2012)).

> It is established that

> [i]ssue preservation is foundational to proper appellate review. By requiring that an issue be considered waived if raised for the first

time on appeal, our courts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue. This jurisprudential mandate is also grounded upon the principle that a trial court must be given the opportunity to correct its errors as early as possible. Related thereto, we have explained in detail the importance of this preservation requirement[,] as it advances the orderly and efficient use of our judicial resources. Finally, concepts of fairness and expense to the parties are implicated as well.

***Commonwealth v. Miller***, 80 A.3d 806, 811 (Pa. Super. 2013) (citation and ellipses omitted).

Our review of the record discloses that Appellant filed a pre-sentence motion challenging only the sufficiency of the evidence. Motion to Set Aside Verdict, 5/7/24. On July 1, 2024, after oral argument, the trial court denied the motion. N.T., 7/1/24, at 7-11; Appellant filed no post-sentence motion challenging the verdicts as against the weight of the evidence. Under these circumstances, we conclude Appellant waived this issue. ***See*** Pa.R.A.P. 302(a) (stating an issue cannot be raised for the first time on appeal); Pa.R.Crim.P. 607 (stating "[a] claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial[.]").

Even if Appellant had preserved his weight claim in a post-sentence motion, we would conclude that his claim is waived based upon the deficient argument in his brief. ***See*** Appellant's Brief at 7. In his brief, Appellant presents only a boilerplate challenge to all verdicts, without citations to the record or any discussion of relevant authorities. ***See*** Pa.R.A.P. 2119(a), (d).

For this reason as well, we conclude Appellant waived his challenge to the verdicts as against the weight of the evidence.

Finally, Appellant challenges the discretionary aspects of his sentence, from which there is no automatic right to appeal. *See* 42 Pa.C.S.A. § 9781(b).[4] Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by

> (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a post-sentence motion; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth a concise statement of the reasons relied upon for allowance of appeal of the discretionary aspects of a sentence; and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b), or sentencing norms.

*Commonwealth v. Schroat*, 272 A.3d 523, 526-27 (Pa. Super. 2022).

Instantly, Appellant timely filed his notice of appeal. However, Appellant did not file a post-sentence motion preserving a discretionary sentencing claim. For this reason, we conclude Appellant failed to preserve this issue for

---

[4] Section 9781(b) provides that

> [t]he defendant or the Commonwealth may file a petition for allowance of appeal of the discretionary aspects of a sentence for a felony or a misdemeanor to the appellate court that has initial jurisdiction for such appeals. Allowance of appeal may be granted at the discretion of the appellate court where it appears that there is a substantial question that the sentence imposed is not appropriate under this chapter.

42 Pa.C.S.A. § 9781(b).

appellate review.[5] *See id.*; *see also* Pa.R.A.P. 302(a) (stating that an issue cannot be raised for the first time on appeal). We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/11/2025

---

[5] We note that even if Appellant had preserved this issue, and presented a substantial question, he would not be entitled to relief. Where a sentencing court has the benefit of a PSI report, this Court presumes that "the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Taylor*, 277 A.3d 577, 593 (Pa. Super. 2022). Additionally, "where a sentence is within the standard range of the guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code." *Commonwealth v. Verma*, 334 A.3d 941, 947 (Pa. Super. 2025).

Here, the sentencing court had the benefit of a PSI and imposed a sentence within the standard guideline ranges. Accordingly, we presume that the court considered all relevant mitigating factors and imposed a reasonable sentence. For this reason, Appellant's claim, if preserved, would lack merit.